# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| JARVIS ALONZO DAVIS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI JESUP,<br><br>Respondent. | 2:25-cv-84 |

**ORDER**

The Magistrate Judge issued a Report and Recommendation for the Court to grant Respondent's Motion to Dismiss and to dismiss Petitioner Jarvis Davis's ("Davis") 28 U.S.C. § 2241 Petition. Dkt. No. 19. Davis has filed Objections to the Report and Recommendation. Dkt. No. 22.

In his Objections, Davis contends that 18 U.S.C. § 3584(c) does not expressly state that a disqualifying conviction permanently extends to every other sentence contained within an aggregate sentence computation or that this statute eliminates other statutory language that a prisoner is serving a sentence for a conviction listed in 18 U.S.C. § 3632(d)(4)(D).[1] Id. at 1-2.

---

[1] Davis states that the Magistrate Judge refers to a 198-month aggregate sentence. Dkt. No. 22 at 3. Indeed, the Magistrate Judge does state that Davis is serving an aggregate sentence of 198 months. Dkt. No. 19 at 2. In his Motion to Dismiss, Respondent states at least once that Davis is serving a 198-month sentence, dkt. no. 10 at 2. But Respondent states elsewhere that Davis is serving a 188-month sentence. Id. at 10; Dkt. No. 10-1 at 4, 9. Because Davis's sentencing computation printout shows he is serving an aggregate 188-month sentence, dkt. no. 10-1 at

He also states that the Bureau of Prisons ("BOP") cannot treat the 18 U.S.C. § 924(c) component of his sentence revocation as extending throughout the "entire duration of a separate sentence merely because both sentences are administered together." Id. at 2. Davis contends that the Magistrate Judge did not fully address the BOP's First Step Act ("FSA") assessment and reclassification of a code. Davis states that he submitted his BOP FSA time credit assessment, and this assessment shows that he has earned 930 days of FSA credits and that these credits are to be applied toward his release. Davis also objects to the Magistrate Judge's statement that Davis was never eligible to receive FSA credits. Id. Davis also asserts that the BOP should be required to show when and why his eligibility for FSA credits was removed. Id. at 3.

The Magistrate Judge has already addressed many of the contentions in Davis's Objections. Dkt. No. 19. Davis seems to simply disagree with the Magistrate Judge's analysis. I note that the offense code change Davis mentions takes into account his 18 U.S.C. § 924(c) conviction and the two computations are dated four days apart. Compare id. at 10 with id. at 11. Even if the BOP had originally deemed Davis eligible to receive FSA credits, it corrected course and then deemed him ineligible for FSA credits due to his § 924(c) conviction and the revocation of his supervised

9, the Court accepts this as being the term of Davis's sentence. Even considering the discrepancy in the Report and Recommendation, the length of Davis's sentence is immaterial to whether he is entitled to FSA credits.

release for that conviction due to new criminal conduct. Dkt. No. 10-1 at 9, 11 (showing Davis's current and prior commitments to BOP's custody). The FSA time credit assessments Davis points to, dkt. no. 19 at 19-22, are dated before the BOP's most recent sentence computation, dkt. no. 10-1 at 9, which does not reflect Davis's eligibility for FSA credits.[2] Davis's attempt to obtain FSA credits that he is not eligible for ultimately fails.

Thus, after an independent and de novo review of the entire record before the Magistrate Judge, the Court **OVERRULES** Davis's Objections and **CONCURS WITH** and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. I **GRANT** Respondent's Motion to Dismiss, **DISMISS** Davis's Petition, dkt. nos. 1, 10, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Although the Court agrees with and adopts the Magistrate Judge's Report and Recommendation, I recognize that the Eleventh Circuit Court of Appeals has not spoken on the core issue in this case. Therefore, an appeal would not necessarily be frivolous, and I decline to adopt this portion of the Report and Recommendation.

---

[2] Davis places undue emphasis on the Magistrate Judge's statement that Davis was not "ever eligible" for FSA credits. Dkt. No. 22 at 5. The Magistrate Judge merely observes that Davis's convictions and sentences occurred before the passage of the FSA and that Davis could not earn credits before the passage of the FSA. The Magistrate Judge correctly notes that "it does not appear that Davis was ever eligible to receive FSA credits or had earned FSA credits that could be taken away . . . because he was convicted of a disqualifying offense under § 924(c)." Dkt. No. 19 at 6-7 n.3.

**SO ORDERED**, this 21 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA